**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

**ALLSTATE INSURANCE COMPANY,**

    **Plaintiff,**

**v.**                                                  **Case No:   6:14-cv-681-Orl-31GJK**

**WILLIAM GARDNER and LINDA EVANS,**

    **Defendants.**

## ORDER

This matter is before the Court on Plaintiff Allstate Insurance Company's ("Allstate") Emergency Motion for Temporary Restraining Order and Preliminary Injunctive Relief ("Motion for TRO and Preliminary Injunction") (Doc. 2).

**I.**    **Background[1]**

This dispute arises out of agreements between Allstate and William Gardner and Linda Evans. Both Defendants had contracts[2] with Allstate and operated as "Exclusive Allstate Agents." The contracts contained non-compete provisions which prohibited the Defendants from selling competitive insurance products within a mile of the location they sold Allstate products for one year following termination. Additionally, the contracts prohibited the Defendants from soliciting Allstate

---

[1] All background details are gathered solely from the Plaintiff's allegations set forth in the Verified Complaint and the Motion for TRO and Preliminary Injunction, which the Defendants have, as of this Order, not had the opportunity to respond to by pleading.

[2] Gardner and Evans had separate contracts with Allstate. Evans allegedly entered into the contract around November 1, 2001 and terminated around December 1, 2012. Gardner allegedly entered the contract around August 1, 2011 and was terminated around January 1, 2014.

customers that they had learned about by virtue of their position as Exclusive Allstate Agents. Towards the end of their relationship with Allstate, Defendants formed Gardner Evans Insurance, which is located at the same address that they operated out of while acting as agents for Allstate. Allstate contends that the Defendants have breached their obligations under the contracts.

While it is not exactly clear when the split between the Allstate and the Defendants occurred, it appears as though it was around the beginning of 2014—it was around this time that Gardner e-mailed clients[3] to notify them that he and Evans would be operating under Gardner Evans Insurance. (Doc. 1-7). One of Allstate's exhibits makes clear that Allstate was aware of the purported breach no later than February 1, 2014. (*Id.*). On that date, a purported Allstate customer, Mike, wrote to Allstate stating that he would be staying with the Defendant's new insurance business and included a forwarded e-mail from Gardner with the information about Gardner Evans Insurance. (*Id.*). Allstate now requests this Court enjoin the Defendants from most operations undertaken by Gardner Evans Insurance at its current location as well as other relief.

## II.     Standard

To warrant a Temporary Restraining Order ("TRO") Plaintiff must demonstrate "(1) a substantial likelihood of success on the merits; (2) that irreparable injury will be suffered if the relief is not granted; (3) that the threatened injury outweighs the harm the relief would inflict on the non-movant; and (4) that entry of the relief would serve the public interest." *Schiavo v. Schiavo*, 403 F.3d 1223, 1225–26 (11th Cir. 2005) (*citing Ingram v. Ault*, 50 F.3d 898, 900 (11th Cir. 1995)). *See also Hammock ex rel. Hammock v. Keys et al.*, 93 F. Supp. 2d 1222, 1226–1227 (S.D. Ala. 2000). The standard for a preliminary injunction also applies to a request for a temporary restraining order.

---

[3] The parties' correspondence disputes whether these are Allstate clients covered within the terms of the non-compete provisions of the contracts.

*Morgan Stanley DW, Inc., v. Frisby*, 163 F. Supp. 2d 1371, 1374 (N.D. Ga. 2001) (*citing Ingram*, 50 F. 3d at 900)). A TRO is an extraordinary remedy, and is not warranted unless the Plaintiff has clearly met the four required elements. *C.f., McDonald's Corp. v. Robertson*, 147 F.3d 1301, 1306 (11th Cir. 1998); *Northeastern Fl. Chapter of the Ass'n of Gen. Contractors of Am. v. City of Jacksonville, Fla.*, 896 F.2d 1283, 1285 (11th Cir.1990).

### III.    Analysis

Based on the Plaintiff's own exhibit (Doc. 1-7), it is clear that it knew of the alleged infringing activity no later than February 1, 2014, and perhaps before, as the tone of the e-mail implies a prior conversation between Mike and an Allstate agent. Now, at least three months later, Allstate asks for this Court to grant extraordinary relief by issuance of a TRO.

A TRO is only warranted where the Plaintiff demonstrates a substantial threat of irreparable injury. *Tough Mudder, LLC v. Mad Cap Events, LLC*, 6:12-CV-354-ORL-31, 2012 WL 1946073 at *2 (M.D. Fla. May 30, 2012) (addressing irreparable injury in context of preliminary injunction). Delay in seeking a TRO undercuts the proposition that there is a threat of irreparable injury. *Id.* In this case, the Plaintiff sent the Defendants at least three demand letters regarding the purported breach, one on March 11, 2014 to Gardner, then one to each Defendant on March 31, 2014, then the Defendants responded to the demand letter on April 7, 2014 setting forth their theory of the case. This exchange appears to be a relatively standard lead-up to litigation, which was initiated on May 1, 2014. Prior to the filing, each side took time to consider the issues and put forth reasoned correspondence. Despite Plaintiff's characterization of this as an "emergency," it is not—threat of irreparable injury has not been demonstrated and a TRO is not warranted.

It is, therefore,

**ORDERED**, the Motion for TRO and Preliminary Injunction (Doc. 2) is **DENIED** insofar as it requests a Temporary Restraining Order. The Plaintiff is directed to serve the Defendants with the Complaint, Motion for TRO and Preliminary Injunction, and this Order as soon as possible. The Defendants shall have until May 9, 2014 to file a written response to the Motion, which shall not exceed twenty (20) pages. The parties and counsels of record will appear before this Court for an hour long evidentiary hearing on May 12, 2014 at 10:30 a.m. for the Plaintiff to present compelling argument as to why a preliminary injunction is warranted.

**DONE** and **ORDERED** in Chambers, Orlando, Florida on May 2, 2014.

_____
GREGORY A. PRESNELL
UNITED STATES DISTRICT JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Party